IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK VANTASSEL,                :
        Plaintiff          :
        v.                 : Case No. 3:08-cv-171-KRG-KAP
GERALD L. ROZUM,                    :
SUPERINTENDENT, S.C.I. SOMERSET,    :
et al.,                             :
        Defendants         :

Report and Recommendation

Recommendation

Defendants' motion to dismiss, which is in part a motion for summary judgment, docket no. 17, asserts that plaintiff, an inmate subject to the Prison Litigation Reform Act, is barred from proceeding on some of his claims by the statute of limitations and barred from proceeding on the balance of his claims because he failed to exhaust his administrative remedies before filing the complaint in this matter. I recommend the defendant's motion be granted.

Report

Plaintiff, an inmate at S.C.I. Somerset, filed a complaint dated July 7, 2008, alleging that from May 2004 until February 2007, defendants violated his right under the Eighth Amendment not to be subjected to cruel and unusual punishment by being deliberately indifferent to his serious medical needs. Plaintiff is a below the knee amputee and alleges that about four years after his incarceration in 2000, he began having back pains due to some problems with his prosthesis. Later in 2004, plaintiff developed infections and ulcers as a result of the ill-fitting

prosthesis. Plaintiff alleges that defendants delayed in responding properly to his medical need through April 2006, when defendant Joseph Visinsky, the health care administrator at S.C.I. Somerset, ordered an examination by an outside physician. That examination was performed on May 3, 2006, and allegedly led to plaintiff being scheduled for surgery in August 2007. Plaintiff alleges that the indifference of defendants continued to delay proper medical care until February 2007, when he received a new prosthesis.

Plaintiff alleged he wrote to defendant Catherine McVey at the Bureau of Health Care Services in April 2006, explaining his dissatisfaction with the pace and substance of his medical care, and she advised plaintiff to file a grievance concerning his medical care. Plaintiff filed Grievance 153007 on May 24, 2006, which was fully exhausted by July 2006 when Sharon Burks, the chief grievance officer at the Pennsylvania Department of Corrections Secretary's Office of Inmate Grievance and Appeals, referred his grievance back to McVey at the Bureau of Health Care Services, and after hearing from McVey wrote to plaintiff on July 25, 2006, that she believed plaintiff had been properly treated. It is not in dispute that the Pennsylvania Department of Corrections has an administrative procedure, DC-ADM 804, for complaints by inmates about their conditions of confinement, see Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004), or that plaintiff's grievance was properly

filed and exhausted in accordance with DC-ADM 804[1]. There are two questions of law at issue: 1) what effect doe the pendency of a grievance have on the statute of limitations, and 2) what effect does the filing of a grievance have on complaints about events dealing with the same course of medical care but which take place after the grievance is exhausted[2].

Pennsylvania's two year statute of limitations for personal injury claims based on intentional and negligent torts, 42 Pa.C.S.§ 5524, applies to plaintiff's federal claims. Rose v. Bartle, 871 F.2d 331, 347 n.13 (3d Cir.1989); Wilson v. Garcia, 471 U.S. 261 (1985). The claim accrues and the limitations period begins to run when the plaintiff knows or reasonably should know

---

1. DC-ADM 804 permits an inmate to express complaints "related to a problem encountered during the course of his/her confinement," DC-ADM 804 §IV-I, unless those problems relate to disciplinary procedures (DC-ADM 801), administrative custody (DC-ADM 802), or inmate mail and incoming publications (DC-ADM 803), which are the subject of separate procedures. The regulation sets up a three level process which provides that when a grievance is filed by the inmate, an investigation by the grievance coordinator at the prison where the inmate is confined, and a written response being sent to the inmate. An appeal is allowed to the warden, whose review is based on the record established by the grievance coordinator. There is a final review available at the state level which is based on the record made at the first level; final review may affirm, modify or overturn the warden's decision or order additional investigation. See generally Holloway v. Lehman, 671 A.2d 1179, 1181 (Pa.Cmwlth.1996).

2. Defendant asserts that the only grievance plaintiff filed concerning the care he received for his leg was Grievance 153007, filed in May 2006 and finally decided in July 2006. docket no. 17-2, Declaration of Tracy Pollock. Plaintiff does not dispute this assertion.

of the injury upon which the claim is based. <u>Sameric Corp. v. City of Philadelphia</u>, 142 F.3d 582, 599 (3d Cir.1998). Plaintiff contends that the limitations period is tolled while he is exhausting his grievances. docket no. 31, Plaintiff's Brief in Support for Motion for Summary Judgment.

Exhaustion of a prison system's administrative remedy procedures is mandatory before an inmate files a federal lawsuit, because the Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement in prisoner civil rights suits was added by the Prison Litigation Reform Act at about the same time Congress amended the habeas corpus statute in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to add a statute of limitations (codified at 28 U.S.C.§ 2244(d)(2)) which provides that the limitations period for filing a habeas corpus petition is tolled while a properly filed collateral attack is pending in state court. Congress clearly knew how to expressly provide a uniform federal limitations period for prisoner civil rights claims and how to provide that exhaustion of remedies would act to toll the limitations period. Congress declined to do either in the Prison Litigation Reform Act. The limitations period for

an inmate's civil claim does not run from the date of exhaustion of administrative remedies, nor is it tolled while remedies are being exhausted, even though exhaustion of those administrative remedies is mandatory. Plaintiff is barred by the statute of limitations from pursuing any claim which accrued more than two years before the date of his complaint, that is any claim arising out of events before July 7, 2006.

Plaintiff does not allege any specific deliberately indifferent decisions by defendants in the period between July 8, 2006 and February 2007. Even assuming plaintiff did so, however, plaintiff acknowledges that he was examined at defendants' orders by an outside physician in April and May of 2006 and that the outside physician recommended that surgery be scheduled depending on the results of scheduled testing. Both the scheduled tests and surgery took place. If plaintiff had some complaint about the care he was receiving after July 2006, he was obligated by the Prison Litigation Reform Act to file a grievance about events in that time period and, if he were not satisfied with the answer to his grievance, to exhaust his administrative remedies as to that grievance before filing a complaint. Woodford v. Ngo, 548 U.S. 81 (2006); Booth v. Churner, 532 U.S. 731 (2001).

A civil complaint alleging that actions taken by specific defendants at one time or in one period of time is not a vehicle for the court to act as an ombudsman or ongoing overseer of an

inmate's health care. The Prison Litigation Reform Act, as codified at 18 U.S.C. § 3626(a)(1)(A), expressly requires relief in a prison civil rights to be "narrowly drawn" and "necessary to correct a violation" of federal rights. Just as an inmate cannot use a complaint over a specific incident as a means to present the court with a constantly mutating claim, the Prison Litigation Reform Act's exhaustion requirement at 42 U.S.C. § 1997e(a) does not permit a single grievance about medical care to be the vehicle for civil complaints alleging wrongful actions which took place after that grievance was responded to. Unless the exhaustion requirement is to be read out of existence, it is not sufficient for plaintiff to allege that he exhausted his administrative remedies as to a grievance over conditions existing at one time and then file a complaint in federal court about conditions, including medical care, existing at a later time.

Plaintiff did not use the grievance system to complain about any action by defendants after July 2006. Because there is no genuine issue of fact about the inadequacy of plaintiff's exhaustion of administrative remedies as to any claim that might be timely, summary judgment must be ordered for defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: June 12, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Frederick Vantassel ED-8605
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510